### PARKER v. POLL

1. BROKERS—FIDUCIARY—ACCOUNTING.
   A real estate broker is in a fiduciary relationship to his client and must account for any money coming into his possession.

2. APPEAL AND ERROR—COURTS—FINDINGS OF FACT.
   The Court of Appeals does not set aside findings of fact unless clearly erroneous (GCR 1963, 517.1).

3. BROKERS — PROCEEDS OF SALE — INSTRUCTIONS OF SELLER — ACCOUNTING.
   Trial court finding that defendant real estate corporation received the proceeds of the sale of plaintiffs' home in a fiduciary relationship and that when defendant disbursed these funds contrary to plaintiffs' instructions, partially to cancel a debt owed by its salesman to it, and gave him the balance, it violated that trust and should be held accountable for the money received on behalf of the plaintiffs was not clearly erroneous where the only essential matter in dispute was what instructions the plaintiffs gave defendant's agent, and trial court determined this by judging the credibility of the witnesses as they appeared before him.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur 2d, Brokers § 84.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 12 Am Jur 2d, Brokers § 83.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 March 12, 1969, at Grand Rapids. (Docket No. 5,617.) Decided March 25, 1969.

Complaint by Gordon E. Parker and Joanne M. Parker against Larry Poll and Campbell Real Estate Corporation, a Michigan corporation, for damages and for an accounting. Judgment for plaintiffs. Defendant Campbell Real Estate Corporation appeals. Affirmed.

*Roach, Twohey & Benson,* for plaintiffs.

*Jon D. Witters,* for defendant Campbell Real Estate Corporation.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. In July, 1967, plaintiffs-appellees were the owners of real estate located on Cutter Parkway drive in Grand Rapids subject to a mortgage. They also owned a vacant lot on Baywood.

Defendant-appellant, Campbell Real Estate Corporation, is a Michigan corporation engaged in the general real estate business. Howard W. Campbell was president of the defendant corporation, Robert F. Wachter a broker and vice-president, Carroll Roland was a salesman, and defendant Larry Poll was also a salesman for the corporation, and in addition, operated an independent home-building business.

In the summer of 1967 another salesman of the defendant corporation suggested Poll's name to plaintiffs for the building of a new home. Plaintiffs contacted Larry Poll in regard to selling their home

on Cutter Parkway drive and the construction of a new home for them on the lot which they owned on Baywood. After some discussion plaintiffs and Poll entered into two agreements, a "buy and sell agreement" and a "building contract".

Pursuant to a request from Poll, Campbell and Wachter inspected the Cutter Parkway drive property to determine whether the corporation could guarantee a selling price of $17,000 to the Parkers. They declined to guarantee that amount.

In the fall of 1967, at a sales meeting of the corporation, Poll announced that he was the owner of the Cutter Parkway property and that he wanted the staff to aid him in selling the property and if any offers were made to bring them directly to him.

Carroll Roland, a salesman for defendant corporation, secured an offer on the Cutter Parkway property from Mr. and Mrs. Victor Hannig and submitted it to Poll, who made a counteroffer which was accepted by the Hannigs. Poll was not at the closing, but he advised Wachter, the closing broker for defendant corporation, that he could not attend, that he had guaranteed plaintiffs $17,000 on the sale of their home, and that Wachter should pay Parker the difference between the actual sale price and the guaranteed price less certain agreed expenses.

Roland informed plaintiffs that they were needed at the closing to sign a deed and the transaction was closed in December, 1967, at the office of the Campbell Real Estate Corporation.

Present at the closing were Mr. and Mrs. Parker, the title holders to the Cutter Parkway property, Mr. and Mrs. Victor J. Hannig, the purchasers, Victor W. Hannig, father of Victor J. Hannig, Robert F. Wachter, and Carroll Roland.

At the closing, plaintiffs received a Campbell corporate check for $1,293.06, this being the differ-

ence between the guaranteed sale price of $17,000
and the actual sale price of $15,500, less certain
agreed expenses. The Hannigs, as purchasers, paid
to Wachter, the closing broker, the sum of $7,403
representing the difference between the purchase
price of $15,500 and the amount of plaintiffs' existing
mortgage.

At this point there is a discrepancy in the testi-
mony. Mr. Parker claimed that at the closing he
advised Wachter that Poll was not proceeding with
the construction of plaintiffs' new home on Baywood
according to contract and that Wachter should not
pay any money to Poll from the proceeds of the sale
until such time as Wachter received further instruc-
tions from Mr. Parker. He was supported in this
testimony by Mrs. Parker and Mr. and Mrs. Victor
J. Hannig. Mr. Wachter denied that he was ever
told by Parker not to disburse any funds to Poll.

A few days later Wachter told Poll he owed the
defendant corporation some $3,660 and Poll agreed
to that amount being deducted from the closing
funds then in defendant corporation's hands.

Some time later, plaintiffs brought suit for dam-
ages and for an accounting against defendants,
jointly and severally. The trial court found in
favor of plaintiffs. Defendant real estate corpora-
tion appeals contending that the trial court's finding
of facts are erroneous.

The trial court found, by a preponderance of the
evidence, that Mr. Parker made a statement at the
closing to Robert Wachter that any money due him
was to be held until he called for it, and that Mr.
Wachter was not to give any money to Mr. Poll;
and further, that Mr. Wachter was in fact aware of
the two agreements between the Parkers and Poll
before the closing and before he disbursed any of
the proceeds of the sale.

A real estate broker is in a fiduciary relationship to his client, and must account for any money coming into his possession. *Stephenson* v. *Golden* (1937), 279 Mich 710.

The trial court found that the acts of the broker were the acts of the defendant corporation, that the corporation received the proceeds of the sale in a fiduciary relationship, that when defendant corporation disbursed these funds partially to cancel a debt owed by Larry Poll to it and gave him the balance, it violated this trust, and that it should be held accountable for the money received on behalf of the plaintiffs.

The crux of this case is what did Mr. Parker say to Mr. Wachter at the closing relative to disbursement of the money. Several people gave testimony on this point. The trial judge had the opportunity to judge the credibility of those witnesses as they appeared before him. This Court does not set aside findings of fact unless clearly erroneous. GCR 1963, 517.1.

Judgment affirmed, costs to the plaintiffs.

All concurred.